# JULIO O. ABRIL

*v.*

# SUCRERIE CENTRALE COLOSO DE PUERTO RICO.

Law, No. 487.

A cross complaint for unliquidated damages (in tort) can be made to the original demand for damages for breach of contract.

Order filed October 27, 1908.

*Messrs. Sweet, Rossy, & Campillo,* attorneys for complainant.

*Mr. Francis H. Dexter,* attorney for defendant company.

RODEY, Judge, delivered the following opinion:

On the 27th day of October, 1908, the demurrer to the set-off, counterclaim, or cross complaint came on to be heard, Willis Sweet for the original plaintiff, and F. H. Dexter for the original defendant. Before proceeding with the argument, Mr. Dexter, for the defendant, asked and was granted leave to designate his answer and counterclaim filed October 16, 1907, as a cross complaint because he asks for affirmative relief therein under § 115 of the Code of Civil Procedure of Porto Rico of 1904. The argument then proceeded on the question as to whether or not the damages claimed in the set-off, counterclaim,

Abril v. Sucrerie Centrale Coloso.

or cross complaint or demand, being unliquidated, could be sustained against the original complaint, which is an action for breach of an alleged contract of employment.

After hearing the arguments of counsel, we made a considerable though hasty examination of the decisions of the code states on this subject, particularly New York and California. New York's statute, it seems, is specific, and provides that the counterclaim or cross complaint, when based on a contract arising out of an independent transaction, must, in some manner, tend directly to reduce, qualify, or defeat the plaintiff's claim. See Bannerot v. McClure, 12 L.R.A.(N.S.) 126 and note (39 Colo. 472, 90 Pac. 70).

Subhead 1 of § 111 of the Porto Rican Code referred to permits the counterclaim when it arises out of the "cause of action. arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." We think this section is broad enough to include the facts set up in the cross complaint here.

The American & English Encyclopædia of Law, vol. 25, p. 484, has an exhaustive chapter on set-off, recoupment, and counterclaim, and gives practically the whole history of this subject. From the views there given and the cases referred to, it appears that the law is not well settled on the subject we are here considering. However, on page 577 of that work, it is held that damages claimed need not be liquidated in order to be available as a counterclaim, and it holds that, in this respect, counterclaims are broader than technical set-off, as originally understood, but that, in some states, the statute permits the set-off of unliquidated damages. It also holds that a few cases have held that a counterclaim for unliquidated damages will not lie. To.

Abril v. Sucrerie Centrale Coloso.

this latter proposition it cites a few California cases, and an examination of them shows them to be wholly unsatisfactory.

Because of the limited time we have had to examine the subject, and because of the wide scope of the local Code, and because, from an examination of the pleadings, the facts between the parties appear to be very peculiar, we will overrule the demurrer, and permit the cross complaint and its allegations to stand. We think that several of the allegations of the cross complaint specifically objected to by the demurrer are mere inducement in the cross complaint to later statements that constitute the gist of the counteraction. However, we reserve the right after issue, at or before the time of the trial, to determine whether or not we will permit this alleged cross complaint to avail the defendant further than as a defense, and to refuse affirmative relief.